Gregg P. Leslie,
Gregg.Leslie@asu.edu, Bar # 035040 *
Jordan Igo, jaigo@asu.edu **
William Manchester, wmanches@asu.edu **
First Amendment Clinic, Public Interest Law Firm
Arizona State University Sandra Day O'Connor College of Law
111 E. Taylor St., Mail Code 8820
Phoenix, AZ 85004
Telephone: (480) 727-7398
* Certified supervising attorney pursuant to L.R. Civ. 83.4(e)
** Certified student attorney pursuant to L.R. Civ. 83.4(e)

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Seal<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Federal Bureau of Prisons,<br><br>　　　　Defendant. | No. CV-21-_____-____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |

## Introduction

1. Ryan Seal (Plaintiff), who uses the pseudonyms Ryan Fatica and Ryan Davis for his writing and research, brings this action under the Freedom of Information Act, 5 U.S.C. § 552 et seq., as amended ("FOIA"), to enjoin Defendant Federal Bureau of Prisons ("BOP") from constructively denying Plaintiff the records sought from the Federal Corrections Institute of Phoenix, Arizona ("FCI Phoenix").

2. Plaintiff is a volunteer who is a contributor to the online media outlet, *Perilous Chronicle* (viewable at https://perilouschronicle.com) a digital research project that plays

a unique and critical role in providing information to citizens about what their government is up to, especially in the context of incarceration. *Perilous*'s goal is to document all acts of prisoner unrest since 2010 in the United States and Canada. Plaintiff attempts to track prison rebellions that have occurred as a result of agencies' treatment of prisoners and the poor quality of prison maintenance.

3. The volunteer authors of *Perilous Chronicle* compose the only working group that constantly tracks disturbances within prisons and then make that information widely available. The news outlet has documented over 500 prison disturbances, which according to *Perilous Chronicle*'s website is only a fraction of the number of disturbances since 2010.

4. FCI Phoenix is a medium-security prison that houses approximately 1,000 inmates total.

5. On May 17, 2019, FCI Phoenix allegedly went into a two-week lockdown, as reported in the *Phoenix New Times*, after an FCI Phoenix representative said a fight broke out between several prisoners that resulted in one man having some minor injuries.[1] No prisoner, staff member, or employee was injured in the fight, and the prison was placed on "limited operational status."[2]

---

[1] Steven Hsieh, *Federal Phoenix Prison Went on Lockdown for 12 Days After a Fight*, Phoenix New Times (May 30, 2019, 8:00 AM), https://www.phoenixnewtimes.com/news/federal-phoenix-prison-phoenix-lock-down-arizona-riot-or-fight-11304636.

[2] Press Release, U.S. Dep't of Justice, Incident at the FCI Phoenix, May 17, 2019. Attached hereto as Exhibit 1 ("Press Release").

6. Through a FOIA request, Plaintiff seeks records from FCI Phoenix relating to the May 2019 disturbance and the prison's subsequent "limited operational status" or lockdown. Upon information and belief, Defendant has possession, custody, or control of the requested records.

7. Defendant failed to provide Plaintiff with a determination as to whether it will comply with the FOIA requests, after rejecting the first two requests because of an ongoing investigation, and not responding to Plaintiff's third request.

## Jurisdiction

8. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701–706, and 28 U.S.C. § 1331.

## Venue

9. Venue in the District of Arizona is proper under 5 U.S.C. § 552(a)(4)(B) because the requested agency records are, upon information and belief, situated within this District at FCI Phoenix facility in Phoenix, Arizona. For the same reason, venue also is proper under 28 U.S.C. § 1391(b)(2).

## Parties

10. Plaintiff volunteers to write articles about prison disturbances throughout the United States for *Perilous Chronicle* and resides in Tucson, Arizona.

11. Defendant United States Bureau of Prisons is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## Facts

12. On May 17, 2019, Defendant released a statement stating multiple inmates at FCI Phoenix got into a fight that caused one inmate who experienced minor injuries to require outside medical treatment. Attached hereto as Exhibit 1 ("Press Release"). The FCI Phoenix inmates were then placed in their cells, and the facility when into a "limited operational status." *Id*. Defendant notified the Federal Bureau of Investigation (FBI) and stated there would be an investigation into the incident. *Id*.

13. The *Phoenix New Times* published an article on May 30, 2019, contradicting Defendant's statements in the press release. The article stated there were several injuries, not just one, some inmates described the incident as a "riot" instead of a "fight," it involved several hundred inmates not just "multiple," and the prison was on a complete lockdown, not just in a "limited operational" status. According to the newspaper, the lockdown lasted for about twelve days, and prisoners were not allowed to have any contact with family during that time.

14. Due to the discrepancy of information, Plaintiff decided to write an article about the incident at FCI Phoenix. On June 10, 2019, Plaintiff submitted a FOIA request to BOP for public records related to this May 17, 2019 incident. Attached hereto as Exhibit 2. In Plaintiff's initial request, he asked for documents, emails, transcripts, logbooks, incident reports, or any other records associated with the May 17 "incident," "disturbance," "riot," or "fight" and the subsequent "lockdown." Plaintiff noted he was willing to pay up to $100 in fees but requested a waiver because the information would be in the public's interest, and "it is likely to contribute significantly to public

understanding of the operations or activities of the government and is not primarily in my commercial interest."

15. On June 11, 2019, Defendant BOP acknowledged the receipt of the request and assigned it a tracking number, 2019-04509, attached hereto as Exhibit 3. On June 12, 2019, Defendant rejected Plaintiff's request 2019-04509 because there was still an on-going investigation of the incident. Letter attached hereto as Exhibit 4.

16. Plaintiff, after waiting until it was fair to assume any investigation had been completed, resubmitted a FOIA request to Defendant on November 23, 2019, attached hereto as Exhibit 5. Plaintiff requested the same information from the first request.

17. Defendant, on November 25, 2019, denied Plaintiff's request again citing its June 12, 2019, letter "regarding the below request 2019-04509. Therefore, no further actions will be taken." Attached hereto as Exhibit 6 (BOP Email).

18. Plaintiff, again believing the ongoing investigation would be concluded nearly nine months after the prison fight, submitted a third request for public records to Defendant on March 9, 2020. Attached hereto as Exhibit 7. Defendant has never responded to the request.

19. Plaintiff called Defendant BOP on September 18 and September 23, 2020, to follow up on his FOIA request but did not speak with the FOIA officer either time. The FOIA officer did not return Plaintiff's calls.

20. It has been nearly two years since the initial incident, and more than a year since Plaintiff's most recent public records request. Defendant has not notified Plaintiff whether it will deny or release information sought from the request.

## CAUSES OF ACTION

### COUNT I

**Violation of FOIA for Failure to Provide a Determination Within Twenty Days**

21. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

22. Defendant has a legal duty under FOIA to determine whether to comply with a request within twenty (20) business days after receiving the request. Defendant also has a legal duty to immediately notify a requester of the agency's determination and the reasons therefore. 5 U.S.C. § 552(a)(6)(A)(i)(I).

23. Defendant's failure to determine whether to comply with Plaintiff's public record requests under FOIA within twenty (20) business days after receipt violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and applicable regulations promulgated thereunder.

### COUNT II

**Violation of FOIA for Failure to Make Records Available**

24. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

25. Plaintiff has a legal right under FOIA to obtain the specific agency records requested, and there exists no legal basis for Defendant's failure to make the requested records promptly available to Plaintiff and the public.

26. Defendant's failure to promptly make available the records sought by Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff Requests that the Court award it the following relief:

1. Declare Defendant violated FOIA by failing to determine whether to comply with Plaintiff's records requests within twenty (20) business days and by failing to immediately notify Plaintiff of such determination and the reasons therefore;

2. Declare Defendant violated FOIA by unlawfully withholding requested records;

3. Order Defendant to immediately disclose the requested records to the public and make copies immediately available to Plaintiff without charge for any search or duplication fees, or in the alternative, provide for expedited proceedings to adjudicate Plaintiff's rights under FOIA;

4. Award Plaintiff its costs and attorneys' fees; and

5. Grant such other relief as the Court may deem just and proper.

DATED this 8th day of April, 2021.

/s/ Gregg P. Leslie
Gregg P. Leslie
Jordan Igo
William Manchester
First Amendment Clinic,
   Public Interest Law Firm
Sandra Day O'Connor College of Law
Arizona State University
111 E. Taylor St., Mail Code 8820
Phoenix, AZ 85004